IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN E. WHITE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15cv683-WHA |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a *pro se* motion under 28 U.S.C. § 2255 filed on September 13, 2015, by federal inmate John E. White ("White). White challenges the 235-month sentence imposed by the court in January 2007 following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Criminal Case No. 2:05cr132-WHA. He asserts that, based on the United Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), the court improperly enhanced his sentence under the residual clause of the Armed Career Criminal Act ("ACCA") and that he should be resentenced. For the reasons that follow, the court finds that White's § 2255 motion should be summarily dismissed.

## I.  DISCUSSION

White maintains that under the holding of *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), his sentence was improperly enhanced under the residual clause of the ACCA. *Johnson* addressed the constitutionality of the residual clause of the ACCA,

holding it violates due process because it is unconstitutionally vague. *Johnson*, 135 S.Ct. at 2557.

This is the second § 2255 motion filed by White attacking the conviction and/or 235-month sentence imposed in Criminal Case No. 2:05cr132-WHA.  White's first § 2255 motion was filed on December 13, 2013.  *See* Civil Action No. 2:13cv917-WHA, Doc. No 1.  This court denied that § 2255 motion and dismissed the action with prejudice after finding that White had filed the motion after expiration of the one-year limitation period in 28 U.S.C. § 2255(f).  Civil Action No. 2:13cv917-WHA, Doc. No. 13 (Nov. 4, 2014, Recommendation of Magistrate Judge) and Doc. Nos. 14 & 15 (Nov. 25, 2014, Opinion and Order & Final Judgment of District Court).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

For purposes of the AEDPA's successive-motion rules, the dismissal of an initial §

2255 motion as untimely "counts" and renders a subsequent § 2255 motion "successive."
*See Villanueva v. United States*, 346 F.3d 55, 59-61 (2nd Cir. 2003) (holding "that a habeas
or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an
adjudication on the merits for successive purposes."); *Altman v. Benik*, 337 F.3d 764, 766
(7th Cir. 2003) (holding "that a prior untimely petition does count because a statute of
limitations bar is not a curable technical or procedural deficiency but rather operates as an
irremediable defect barring consideration of the petitioner's substantive claims").

White has not received certification from the Eleventh Circuit Court of Appeals
authorizing this court to consider a successive § 2255 motion.  A district court lacks
jurisdiction to consider a successive § 2255 motion where the movant fails to obtain
permission from the appellate court to file a successive motion.  *See, e.g., Farris v. United
States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377
F.3d 1315, 1317 (11th Cir. 2004).  This court lacks jurisdiction to consider White's present
§ 2255 motion, and the motion should be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255
motion be dismissed, as White has failed to obtain the requisite order from the Eleventh
Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further ORDERED that the parties shall file any objections to this
Recommendation **on or before October 13, 2015**.  A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 29th day of September, 2015.


    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

4